# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

ALAN DOERING
ADC #106115                                                               PLAINTIFF

V.                             5:13CV00149 KGB/JTR

DR. MOORE, Cummins Unit,
Arkansas Department of Correction, et al.                    DEFENDANTS

## <u>ORDER</u>

Plaintiff, Alan Doering, is a prisoner in the Cummins Unit of the Arkansas Department of Correction. He has filed a *pro se*[1] § 1983 Complaint alleging that Defendants violated his constitutional rights.

The Prison Litigation Reform Act requires federal courts to screen prisoner

---

[1] Plaintiff is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Plaintiff alleges that, in December of 2012, Defendant Dr. Moore failed to provide him with constitutionally adequate medical care when he denied Plaintiff's requests for orthopedic shoes and pain medications needed to treat neuropathy and "bone splints" in his feet. *See* Doc. #2 at 4. The Court needs further information in order to complete § 1915 screening.

Accordingly, Plaintiff must file, within thirty days of the entry of this Order, an Amended Complaint clarifying: (1) what are "bone splints"; (2) how he is being harmed by the failure to receive orthopedic boots and pain medications; (3) what type of footwear he currently has and why it is inadequate; and (4) how Defendants Esan, Kelley, and Corizon Medical Services, Inc. *each* participated in the alleged denial of his constitutional rights.

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff must, **within thirty days of the entry of this Order**, file an Amended Complaint containing the information specified herein.

2.      Plaintiff is reminded that the failure to timely and properly do so will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 29th day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE